NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ALLAN JACOB, et al.**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**YISRAEL TAUSSIG, et al.,**<br><br>**Defendants.** | **Civil Action No. 25-1822 (GC)**<br><br>**MEMORANDUM OPINION** |

**BONGIOVANNI, United States Magistrate Judge**

Currently pending before the Court are Defendants ARLG LLC ("ARLG") and Ruchama Taussig's ("Ruchama") motion to set aside default (Docket Entry No. 24) as well as Defendants Aaron Tassig ("Aaron") and Herman Taussig's ("Herman") motion to set aside default (Docket Entry No. 25).[1] Plaintiffs Allan Jacob and Sandra Jacob (collectively, "Plaintiffs" or the "Jacobs") oppose Defendants' motions. The Court has fully reviewed the arguments made in support of and in opposition to Defendants' motions. The Court considers Defendants' motions to set aside default without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth below, Defendants' motions to set aside default are **GRANTED**.

## I. Background and Procedural History

On March 12, 2025, the Jacobs commenced the instant litigation asserting fraudulent transfer claims and conspiracy to defraud claims in relation to their efforts to collect on a default judgment awarded to them in the amount of $250,000.00, plus attorney's fees and expenses in the

[1] For purposes of this motion, the Court collectively refers to ARLG, Ruchama, Aaron, and Herman as "Defendants."

amount of $10,106.00 against Bais Yisroel Community Center of Tampa Bay, LLC, Yisrael Taussig, and Malka Singer Taussig (the "Florida Judgment"), in the matter they filed in the United States District Court for the Middle District of Florida, captioned, *Allan Jacob and Sandra Jacob, husband and wife, vs. Bais Yisroel Community Center of Tampa Bay, LLC, Yisrael Taussig and Malka Singer Taussig*; Case No.: 8:23-cv-2703-KKM-AAS (the "Florida Lawsuit"). (*See generally*, Compl.; Docket Entry No. 1). The Jacobs served Herman with the Complaint on May 14, 2026 (Docket Entry No. 13), Aaron and Ruchama on June 1, 2026 (Docket Entry Nos. 12 and 15), and ARLG on June 5. 2026. (Docket Entry No. 18).

On September 10, 2025, the District Court entered a Notice of Call for Dismissal pursuant to L.Civ.R. 41.1(a). Docket Entry No. 17. In same, the District Court noted that this matter had "been pending for more than 90 days, without any proceeding having been taken therein" and indicated that "unless sufficient reason to the contrary is shown, the case will be dismissed for lack of prosecution in accordance with Local Civil Rule 41.1(a)." *Id*. The District Court afforded Plaintiffs the opportunity to show cause by September 24, 2025 "what good faith efforts to prosecute this action have been made and what further efforts are intended." *Id*.

In response to the District Court's Notice of Call for Dismissal, the Jacobs submitted an Affidavit of Good Cause (Docket Entry No. 20) and also simultaneously requested that default be entered against all the served defendants. The Clerk of the Court entered default against Defendants as well as against Defendants Yisrael Taussig and Malka Singer Taussig on September 23, 2025.

Thereafter, the docket reflected another period of inactivity. In light of same, the Court informally contacted counsel of record via email stating, "default was entered against Defendants Yisrael Taussig, Malka Singer Taussig, Ruchama Taussig, Arlg LLC, Herman Taussig, and Aaron

Ta[u]ssig on 09/23/2025. Nothing appears to have transpired in the matter since. Kindly submit a status update to the Court by 12/12/2025." Email from tjb_orders@njd.uscourts.gov to dabloom@riker.com, tchasin@riker.com, jschwartz@riker.com of 12/05/2025. In response to the Court's email, on December 12, 2025, the Jacobs submitted a status report indicating that, despite substantial efforts, they had not been able to serve Defendant Herman & Sons LLC, but intended to continue their service attempts, and they also intended to file a final motion for default judgment in the next 30-45 days as to the other defendants. (*See* Docket Entry No. 23).

After reviewing the Jacobs' status report, the Court entered a Text Order, which, in pertinent part, directed them to continue their "service efforts as to Defendant Herman & Sons LLC" and also instructed them to "file a motion for default judgment as to the defaulted defendants" by February 6, 2026. Text Order of 12/18/2025; Docket Entry No. 23. Before any motion for default judgment was filed, on January 12 and 15, 2026, Defendants filed the instant motions to set aside the Clerk's entries of default.

## II. Analysis

### A. Standard of Review

Pursuant to Federal Rule of Civil Procedure ("Rule") 55(a): "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." However, the Court "may set aside an entry of default for good cause[.]" Rule 55(c). In deciding whether good cause exists to set aside the entry of default, courts examine: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct." *Doe v. Hesketh*, 828 F.3d 159, 175 (3d Cir. 2016) (citing *U.S. v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).

Because default is considered an "extreme sanction . . . of last resort[,]" any doubts must be resolved in favor of vacating default and "proceeding on the merits." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008). Indeed, the Third Circuit instructs that "[it] prefer[s] that cases be adjudicated on the merits." *Catanzaro v. Fischer*, 570 F. App'x 162, 165 (3d Cir. 2014) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (noting the Third Circuit's preference "that cases be disposed of on the merits whenever practicable")). Succinctly put, "[e]ntries of default are generally disfavored and courts should, in doubtful cases, set aside entries of default or default judgment in order to allow cases to be decided on their merits. *Romero v. Cnty. of Bergen*, Civil Action Nos. 14cv6804 (SDW)(SCM), 14cv6840, 2016 WL 6406214, at *4 (D.N.J. Oct. 26, 2016) (citing *Hritz*, 732 F.2d at 1180-81).

Further, the standard for setting aside an entry of default, such as what is at issue here, is "'less stringent than for setting aside a default judgment.'" *North East Neurological Assoc. v. Indep. Care Grp. Plus*, Civil Action No. 24-08252, 2025 WL 2043760, at *1 (D.N.J. July 21, 2025) (quoting *Mettle v. First Union Nat'l Bank*, 279 F. Supp. 2d 598, 601 (D.N.J. 2003) (citation omitted)); *see also Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656 (3d Cir. 1982) (stating an entry of default may be vacated with "[l]ess substantial grounds" than a judgment). Ultimately, "[t]he decision to vacate the entry of default is within the discretion of the court." *Engie Power & Gas LLC v. Adorama N.J.*, Civil Action No. 24-6480, 2024WL4818772, at *1 (D.N.J. Nov. 18, 2024) (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)); *see Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir. 2002) (quoting *Hritz*, 732 F.2d at 1180) (noting the decision to set aside a clerk's entry of default "'is left primarily to the discretion of the district court.'")

**B. Discussion**

**a. Prejudice**

Instances where a party will experience prejudice from vacating an entry of default include: "loss of available evidence, increased potential for fraud or collusion, substantial reliance upon the judgment," or "some other occurrence that tends to impair the [party's] ability to pursue it claims." *Feliciano*, 691 F.2d at 657; *New Jersey Chinese Cmty. Ctr. v. McAleer*, Civ. No. 21-08320, 2022 WL 3403297, at *5 (D.N.J. Aug. 15, 2022) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). "Delay is rarely sufficiently prejudicial to prevent vacating default." *Brink v. Bormann*, Civ. No. 23-497, 2024 WL 3159433, at *3 (D.N.J. June 25, 2024) (citing *Feliciano*, 691 F.2d at 656-57). Moreover, "the inconvenience and expense to a plaintiff of having to litigate on the merits do not rise to the level of prejudice required." *Id.* at *5 (citing *Julaj v. Tau Assocs. LLC*, Civ. No. 12-1464, 2013 WL 4731751, at *4 (D.N.J. 2013)).

Here, the Jacobs argue that they would suffer substantial prejudice if either motion to set aside default is granted because "[w]ithout default relief, Plaintiffs would be unable to vindicate their contractual and statutory rights." (Pls. Opp. Brs. at 5; Docket Entry Nos. 29 & 30). The Jacobs note that they are "judgment creditors who have already been unable to collect on a valid judgment, and the Complaint alleges a continuing pattern of asset dissipation." (*Id.*) They argue that "delay materially increases the risk that additional assets will be transferred beyond Plaintiffs' reach, creating concrete harm for Plaintiffs." (*Id.*)

The Court is not persuaded by the Jacobs' arguments. Default relief is not necessary for them to vindicate their contractual and statutory rights. Instead, they may do that by litigating this case on the merits, as is the strong preference in this Circuit. *See Catanzaro*, 570 F. App'x at 165 at (citing *Hritz*, 732 F.2d at 1181 (noting the Third Circuit's preference "that cases be disposed of

on the merits whenever practicable")). In addition, as already noted delay "rarely serves to establish the degree of prejudice" necessary to prevent the showing of good cause necessary to set aside a default especially one "entered at an early stage of the proceeding." *Feliciano*, 691 F.2d at 656-57. Further, the Court finds it necessary to point out that the Jacobs have been responsible for some delay. Their inaction led the District Court to enter a Notice of Call for Dismissal in September 2025 and also resulted in the undersigned requesting a status update after a period of docket inactivity in December 2025.

Here, the Court finds that the Jacobs' ability to pursue their claims against Defendants has not been materially hindered since the entry of default nor will it be materially hindered if the entry of default is vacated. Indeed, no assertions have been made of additional asset dissipation or purported fraudulent transfers since this action was filed; nor have any arguments been raised regarding the loss of evidence. As already stated, the Jacobs will have a sufficient opportunity to vindicate their contractual and statutory rights by litigating this case on the merits. As a result, the Court finds that this factor weighs in favor of setting aside the entry of default.

**b. Meritorious Defense**

A defense is shown to be meritorious "when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *$55,518.05 in U.S. Currency*, 728 F.2d at 195 (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). "Defendants are not required to prove their case . . . but only to 'set forth with some specificity the grounds for [their] defense.'" *Brink v. Bormann*, Civ. No. 23-497, 2024 WL 3159433, at *5 (D.N.J. June 25, 2024) (quoting *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988)); *see Toy v. Hayman*, 2008 WL 5046723, at *4 (D.N.J. Nov. 20, 2008) (citing *$55,518.05 in U.S. Currency*, 728 F.2d at 195). Indeed, when considering this factor, the Court

"need not decide the legal issue"; instead, "it is sufficient that [a defendant's] proffered defense is not 'facially unmeritorious.'" *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987) (quoting *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123 (3d Cir. 1983)). Further, in cases such as this, where Defendants seek "to vacate only the entry of default, as opposed to the default judgment, 'courts in this circuit seem unwilling to deny the motion to set aside entry of default solely on the basis that no meritorious defense exists.'" *DirecTV, LLC v. Alvarez*, 1:15-cv-6827-NLH-KMW, 2017 WL 4284526, at *3 (D.N.J. Sept. 27, 2017) (quoting *Mike Rosen & Assocs. P.C. v. Omega Builders, Ltd.*, 940 F.Supp. 115, 121 (E.D. Pa. 1996)).

The Jacobs argue that this factor weighs in favor of denying Defendants' motion to set aside default because Defendants "fail to assert any defense to the fraudulent conveyance claims." (Pls. Opp. Brs. at 4). In this regard, the Jacobs maintain that:

> Each property was transferred or sold from one family member to another (or to their alter ego LLC), with the other family members participating in each transaction by witnessing, notarizing, or signing transfer documents. Each of these transactions constituted a fraudulent conveyance, not only the sale to the final purchaser. Defendants do not even attempt to defend the individual transactions for which Plaintiff alleges may badges of fraud.

(*Id.*) In addition, the Jacobs assert that Defendants "fail entirely to provide any factual support contradicting Plaintiffs' detailed and particular allegations of fraudulent transfers, insider relationships, and asset concealment." (*Id.* at 5). Indeed, the Jacobs ague that that Defendants' motions rely "solely on denials and conclusory assertions," rather than affidavits or other sworn testimony disputing the alleged transfers and, thus, Defendants are left with "no credible basis to suggest they could establish a defense at trial." (*Id.*)

The Court, however, finds that Defendants have raised several defenses that are not "facially unmeritorious[,]" which is sufficient in the context of the pending motions. *Emcasco*, 834

F.2d at 74 (internal quotation marks and citation omitted). These include that "1. Plaintiff fails to state a claim upon which relief should be granted. 2. The damages, if any, sustained by the Plaintiff, were the result of negligence or culpable conduct of third parties over whom Plaintiff had no control. 3 Plaintiff did not suffer any damages attributable to any actions of Defendant. 4. No fraud has taken place." (Defs. Brs. at 3 and Defs. Replies at 4; Docket Entry Nos. 24, 25, 34-1, and 36 respectively). Further, while not essential, as it is unnecessary in the context of a motion to vacate for a defendant to prove his case, Defendants in their replies submit affidavits outlining their understanding of the facts underlying the transactions set forth in the Jacobs' Complaint and disputing that any fraudulent transfers occurred. (*See* Affidavits of Aaron, Herman, and Ruchama; Docket Entry Nos. 34-2, 34-3, and 36 at 13-14 respectively). As a result, the Court finds that this factor favors vacating default.

**c. Culpable Conduct**

Culpability is determined by "the 'willfulness' or 'bad faith' of a non-responding defendant." *Hritz*, 732 F.2d at 1182. The "culpable conduct standard requires that as a threshold matter more than mere negligence be demonstrated." *Id.* at 1183. Intentional disregard for court-mandated procedures and "[r]eckless disregard for repeated communications from plaintiffs and the court, combined with the failure to investigate the source of serious injury," may be considered culpable conduct. *Id*. While "culpability does not require intentional and malicious actions on the part of the non-movant," a finding of culpability typically won't be made absent a complete failure to engage in the action, such as where a defendant never makes an appearance or where a defendant repeatedly disregards a court's orders. *Days Inns Worldwide, Inc. v. Mataji3 Corp.*, No. 23cv2985 (ED) (LDW), 2025 WL 1039482, at *5 (April 8, 2025) (finding defendants who never made any appearance in case or any effort to respond to complaint or defend matter after proper service

culpable); *see Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 Fed. Appx. 519, (3d Cir. 2006) (finding defendant that "received all key correspondence in case" yet still did not respond to adversary's correspondence or answer, appear, or plead in response to complaint, motion for default, entry of default or motion for default judgment, and who "[a]t no time during this entire proceeding . . . contact[ed] either [the District Court] or [adversary]" culpable); *Days Inn Worldwide, Inc. v. Shaikh*, 249 F.R.D. 472, 476 (D.N.J. 2008) (finding defendants who repeatedly failed to comply with court's orders to appear at show cause hearings even after court denied adjournment requests acted willfully).

The Jacobs argue that Defendants acted culpably as they chose to ignore their litigation obligations after receiving proper notice and did so with no reasonable excuse. (Pls. Opp. Brs. at 3 (citing *Shaikh*, 249 F.R.D. at 476). Indeed, the Jacobs argue that Defendants were properly served in June 2025, a fact they do not dispute, "[y]et they offer no explanation for their complete failure to answer, appear, seek relief, or otherwise engage in the action for several months thereafter." (*Id.*) The Jacobs claim that Defendants' failure "to even attempt to justify their failure to timely respond to service of the Summons and Complaint in this action should defeat their Motion on its face." (*Id.*) Further, the Jacobs note that Defendants only contacted Plaintiffs' counsel after default was entered in this matter and Defendants' "unexplained inaction" regarding why they failed to defend prior to the entry of default "weighs heavily in favor of a finding of culpability." (*Id.* (citing *Mataji3 Corp.*, 2025 WL 1039483, at *5).

The Court disagrees with the Jacobs' assessment and finds no evidence that default was the result of Defendants' culpable conduct; instead, it appears that Defendants were merely negligent regarding their obligations to file a timely response to the Jacobs' Complaint. In reaching this conclusion, the Court finds that it is worth noting that the Jacobs' request for default appears

to have been prompted by the District Court's September 10, 2025, Notice of Call for Dismissal, which itself was entered based on Plaintiffs' apparent lack of prosecution regarding the matter. As such, the Jacobs' arguments regarding Defendants' unexplained inaction between service of the Complaint and entry of default are not overly compelling. Regardless, even presuming the Jacobs' requests for the entry of default were made unprompted, the Court still finds no evidence of culpability on the part of Defendants.

Here, unlike the cases relied upon by the Jacobs, Defendants have made appearances in this matter. This isn't *Mataji3*, where the defendants, despite proper service, never made any appearance in the matter or any effort to respond to the complaint or to defend the matter (*see* 2025 WL 1039482, at *5); nor is it *Shaikh*, where the defendants repeatedly ignored the court's orders requiring them to appear at show cause hearings despite the fact that the court denied their adjournment requests. Quite to the contrary, here, Defendants are actively seeking to defend against the Jacobs' claims. They have made appearances in this matter. They have moved to set aside the Clerk's entries of default. While Defendants may have been negligent in failing to promptly act, their behavior was not culpable. As a result, the Court finds that this factor, like the prior two, favors vacating default.

Given the strong preference for cases to be decided on their merits, coupled with the fact that entries of default are generally disfavored, and the fact that all three factors weigh in favor of vacating the entry of default, the Court exercises its discretion to grant Defendants' motions. The Court hereby sets aside the defaults entered against Defendants. Defendants are directed to answer, move, or otherwise respond to the Jacobs' Complaint by **September 4, 2026**.

## III. Conclusion

For the reasons stated above, Defendants' motions to set aside default are **GRANTED**.

An appropriate Order follows.

Dated: August 19, 2026

s/ Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**